**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **MICHAEL JORDAN,** | : | |
| | : | |
| **Plaintiff,** | : | **Civ. No. 25-04024 (JKS) (JBC)** |
| | : | |
| **v.** | : | |
| | : | **MEMORANDUM & ORDER** |
| **WARDEN, FCI FORT DIX,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**SEMPER, District Judge**

Plaintiff Michael Jordan, a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), is proceeding *pro se* with a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Compl., ECF No. 1). However, Plaintiff has not applied for *in forma pauperis* status or paid the $405 filing and administrative fees. (*See* ECF Docket Sheet.) For the reasons stated below, the Court will administratively terminate this matter pending Plaintiff's submission of either a complete *in forma pauperis* application or payment of the filing and administrative fees.

The entire fee to be paid in advance of filing a civil complaint is $405.00. That fee includes a filing fee of $350.00 plus an administrative fee of $55.00. A prisoner may alternatively apply to proceed *in forma pauperis* if he is unable to pay the fee. If a court grants *in forma pauperis* status, a prisoner will, instead, be assessed a filing fee of $350.00, to be paid in installments, and will not be responsible for the $55.00 administrative fee. If a court denies *in forma pauperis* status, the

prisoner must pay the full $405.00, including the $350.00 filing fee and the $55.00 administrative fee, before the complaint will be filed.

If a court grants *in forma pauperis* status, the prisoner must pay the full amount of the $350.00 filing fee as follows. 28 U.S.C. § 1915(b)(1). First, the court shall assess and, when funds exist, collect, an initial partial filing fee of twenty percent of the greater of (i) the average monthly deposits to the prisoner's account or (ii) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. *Id.* After payment of the initial partial filing fee, in each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

The Prison Litigation Reform Act ("PLRA") of 1995, 42 U.S.C. § 1997e, which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who attempt to bring a civil action *in forma pauperis*. Under the PLRA, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

Under the PLRA, even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these

reasons, the PLRA does not permit the prisoner to get his filing fee back.  Moreover, if the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff fails to submit a complete *in forma pauperis* application or pay the administrative and filing fees. *See* 28 U.S.C. § 1915(a)(2).  The Court, therefore, will administratively terminate this matter.  Plaintiff may reopen this case by submitting, within 45 days of the date of entry of this Order, either a complete *in forma pauperis* application, including an inmate trust fund account statement certified by a prison official, or payment of the filing and administrative fees.

**THEREFORE IT IS** on this 19th  day of May 2025,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee.  Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, within 45 days of the date of entry of this Order; Plaintiff's writing

shall include either (1) a complete, signed *in forma pauperis* application, including a legible certified six-month prison account statement, or (2) the $405 fee (which includes a $350 filing fee and a $55 administrative fee); and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order and a blank *in forma pauperis* application (DNJ-Pro Se-007-A-[Rev.12/2020]) upon Plaintiff by regular U.S. mail.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**UNITED STATES DISTRICT JUDGE**